UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICK PAYNE, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ENGLISH, <br><br> Defendant. | CAUSE NO. 3:24-CV-450-CCB-MGG |

OPINION AND ORDER

Nick Payne, a prisoner without a lawyer, is seeking a preliminary injunction ordering Warden Brian English to protect him from attack by fellow inmates at the Miami Correctional Facility. ECF 1. Warden English filed a response to the motion. ECF 13. Though Payne did not file a reply, he did file a motion asking to file an amended complaint which will be considered his reply.[1] ECF 21.

In his motion, Payne alleges inmates at the Miami Correctional Facility want to kill him. ECF 1. With his response, Warden English provides the declaration of Shaun Dwyer, the AHU Correctional Team Manager at Miami who explains that "Offender Payne is currently housed in AHU without a roommate." ECF 13-7 at ¶ 10. AHU is a Restrictive Housing Unit. *Id*. at 2. In his proposed amended complaint, Payne acknowledges he is in AHU. ECF 21-1 at 6. Though he says he is still being threatened

---

[1] The motion to amend will be addressed in a separate order.

and is afraid, he provides no basis to believe he is at risk of physical injury or death while he is in AHU.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Payne has not shown that he can succeed on the merits or that he is likely to suffer irreparable harm while he is housed in AHU. Though he fears the possibility of being attacked in AHU and wants to be moved, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

For these reasons, the Motion for Preliminary Injunction (ECF 1) is DENIED.

SO ORDERED on July 11, 2024.

                                                s/ Cristal C. Brisco
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT