UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICK PAYNE, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ENGLISH, CHRISTINA REAGLE, ERIC J. HOLCOMB, McGEE, SNOW, CARTER, JOHNSON, ANGLE, DWYER, and MURRAY, <br><br> Defendants. | CAUSE NO. 3:24-CV-450-CCB-MGG |

OPINION AND ORDER

Nick Payne, a prisoner without a lawyer, filed an amended complaint which again alleges inmates at the Miami Correctional Facility (MCF) have wanted to kill him since he got there. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Payne alleges he sought protective custody after he was assaulted by inmates at the Correctional Industrial Facility. He says he wrote to Commissioner Christina Reagle in November 2023 to tell her he would be in danger if he was sent to MCF. He was

transferred to MCF on January 24, 2024, where he told Officers Snow and Carter that he was seeking protective custody because one of his assailants and other gang members were also at MCF. Payne was put in A-Housing Unit (AHU) and told to work with Unit Team Manager Angle on his request for protective custody. On February 5, 2024, he was moved to L-Housing Unit (LHU). After an inmate threatened him with a knife, he spoke to Case Manager Murray on March 26, 2024, and again on April 5, 2024. On April 1, 2024, Payne met with Officer Johnson. On April 9, 2024, he met with Case Manager Murray and requested protective custody. The next day he was moved to AHU. On April 11, 2024, Payne wrote to Warden Brian English and Commissioner Reagle. Sometime in April, his mother spoke to Officer Johnson about his being in danger and later received an email from Unit Team Manager Angle saying they were trying to find a correct placement for Payne. Warden English wrote back to Payne saying he needed to work with the Protective Custody Committee. On April 16, 2024, Unit Team Manager Dwyer told him someone would be speaking to him. On May 24, 2024, he was moved to I-Housing Unit (IHU). After he was threatened there, he was moved back to AHU on May 26, 2024, where he spoke to Unit Team Manager Dwyer and Officer McGee about his need for protective custody. Payne names Governor Eric J. Holcomb as a defendant, but does not mention him in the body of the complaint.

Payne does not ask for monetary damages, but even if he had, this complaint does not state a claim for monetary damages. He says he told the defendants – except for Governor Holcomb – that he needed protection from inmates who want to kill him. Under the Eighth Amendment, correctional officials have a constitutional duty to

2

protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Payne is not satisfied with the response he has gotten from the defendants, but he has not suffered a physical injury because of their responses – or lack there of. Fear of an attack that has not occurred does not violate the Eighth Amendment. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). Payne alleges he wrote to Commissioner Reagle and Warden English, but merely writing to a prison official does not make that person financially liable. The "view that everyone who knows about a prisoner's problem must pay damages . . . can't be right." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Payne also seeks injunctive relief. He wants to be transferred to a protective custody facility. This is the same relief he sought in his preliminary injunction motion which was denied last week. ECF 22. Payne is housed in AHU without a roommate. Though he continues to be threatened, he is physically separated from the inmates who want to harm him. This complaint does not allege facts from which it can be plausibly inferred that injunctive relief is required to protect him. Though Payne speculates that a wide-ranging group of prison employees – including Commissioner Reagle herself – are conspiring with inmates to harm him, such conspiracy theories do not state a claim. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Payne's amended complaint

does not state a claim for which relief can be granted and it gives no indication that a second amended complaint would either.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 18, 2024.

                                                    s/ Cristal C. Brisco
                                                    CRISTAL C. BRISCO, JUDGE
                                                    UNITED STATES DISTRICT COURT